IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-00704-CNS-KLM

A.V., *a child through his mother and next friend* MICHELLE HANSON,

　　Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT RE-1, *et al.*,

　　Defendants.

---

## ORDER

---

This matter comes before the Court on Defendants' Objection (ECF No. 129) to the Order re: Motion to Stay (ECF No. 120) in which Magistrate Judge Crews denied Defendants' Motion to Stay Discovery (ECF No. 98). As set forth below, the Court overrules the objection and affirms the order.

### I.  BACKGROUND

This qualified immunity case arose when A.V., an eleven-year-old minor with autism, was handcuffed and placed in a patrol car by Defendants Nicholson, Peterson, and Coyle. While in the patrol car, A.V. repeatedly hit his head against the plexiglass divider. He was then transported to a juvenile detention center.

Defendants filed their first Motion to Stay Discovery on May 10, 2021 (ECF No. 24). Magistrate Judge Crews denied that Motion by Order dated October 26, 2021 (ECF No. 62).

1

After Defendants filed objections to that Order, Judge Martinez affirmed it on February 18, 2022 (ECF No. 84). On April 19, 2022, after Plaintiffs filed an Amended Complaint, Defendants filed a renewed Motion to Stay Discovery Pending Immunity Determination (ECF No. 98). As per the first Motion to Stay Discovery, Magistrate Judge Crews denied the second motion because the Defendants continued to rely on a misguided notion that they are *entitled* to a stay of discovery based on the assertion of a qualified immunity defense (ECF No. 120). Magistrate Judge Crews specifically concluded that Defendants failed to even attempt to reconcile the cases he previously cited for the proposition that a stay of discovery is not an entitlement in cases involving qualified immunity. He further concluded that Defendants failed to address the *String Cheese* factors, which he again found supported his decision to deny the Motion to Stay (ECF 120).

## II.  STANDARD OF REVIEW

A magistrate judge's order on a non-dispositive issue will be affirmed unless it is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  Under the clearly erroneous standard, the Order will be affirmed unless, upon review of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Allen*, 468 F.3d at 658 (quotation omitted).

## III.  ANALYSIS

This Court has reviewed the Order, the underlying briefing, and the applicable case law. This specifically includes the briefing surrounding the first Motion to Stay, as Magistrate Judge Crews essentially incorporated the detailed analysis of his first Order in denying the second Motion to Stay. The Court finds that Magistrate Judge Crews conducted a thorough analysis of the issues, which the Court affirms as an order of this Court.

First, Magistrate Judge Crews properly concluded that the Defendants were not entitled to an automatic stay of discovery based on their assertion of qualified immunity (ECF No. 62, p. 4, ECF 120). Magistrate Judge Crews referred to numerous cases contradicting notions of an automatic entitlement to a stay (ECF No. 62, p. 2) and Defendants did not cite any authority that precluded application of those cases. Moreover, in this jurisdiction, stays are the exception, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). The clearest iteration of this proposition is found in *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004): the "[a]ssertion of a qualified immunity defense does not automatically bar all discovery; discovery may continue as to claims unrelated to the defense and, in some circumstances, to elicit pertinent facts to the defense" (ECF No. 62, p. 3). Magistrate Judge Crews also relied on the Tenth Circuit's advisement that "although [qualified immunity] protect[s] public officials from the costs associated with defending against lawsuits, particularly baseless ones, it do[es] not follow that a defendant's claim of qualified immunity c[an] always be resolved before at least some discovery [is] conducted." *Currier v. Doran,* 242 F.3d 905, 914 (10th Cir. 2001) (citation omitted) (ECF No. 62, p.4).

Second, Magistrate Judge Crews did not err in concluding that the *String Cheese* factors should be considered in determining whether to grant a stay of discovery (ECF No. 62, p. 4). *See* S*tring Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. 2006). Magistrate Judge Crews correctly reasoned that the incident at issue took place two years ago, and a ruling regarding the pending Motion to Dismiss may not issue for some time (ECF No. 62, p. 4). Magistrate Judge Crews emphasized that further delay would impact Plaintiff's ability to meaningfully proceed in the matter given his age and disability.  Lastly, Judge Crews concluded

that the burden on the Defendants did not outweigh Plaintiff's interests in proceeding expeditiously. Defendants did not analyze the *String Cheese* factors at all (ECF No. 62, p. 5).

Defendants' main argument is that *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), somehow modifies this jurisdiction's approach to motions to stay discovery and Magistrate Judge Crews failed to address that. However, *Iqbal* is unavailing to Defendants, as it certainly does not establish that Defendants have an inherent entitlement to a stay of discovery.

Defendants also argue that since the "entitlement" to a stay of discovery is inherent within the doctrine of qualified immunity, the *String Cheese* factors do not apply to the analysis of whether to grant a stay. This Court rejects that notion and concludes that Magistrate Judge Crews correctly weighed the competing interests at stake in determining that a stay of discovery was inappropriate in this case. Defendants' reliance on one sentence of *Harlow*, asserting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), also misses the mark. *Harlow* involved a motion for summary judgment after a lengthy discovery process and focused on the need to demonstrate whether a law was clearly established for purposes of the qualified immunity analysis. *Id*. at 803. Defendants are requesting a motion to stay discovery pending a motion to dismiss, not a motion for summary judgment. As noted by Magistrate Judge Crews, even after *Harlow*, several courts (including the Tenth Circuit) have ruled that discovery may be necessary to elicit facts that are relevant to the qualified immunity defenses (ECF 62, pp. 3-4).

## IV.  CONCLUSION

Upon review of the record, this Court concurs with the analysis and conclusion of Magistrate Judge Crews.  Defendants are not entitled to stay discovery based on their assertion of qualified immunity and the *String Cheese* factors support proceeding with discovery.  The Court OVERRULES the DCSO Defendants' Objection (ECF No. 129) and AFFIRMS Magistrate Judge Crews' Order on Defendants' Motion to Stay Discovery Pending Immunity Determination (ECF No. 120).

DATED this 6th day of September 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge